**Lauren HARDEN, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3008.

United States Court of Appeals, Federal Circuit.

April 15, 2003.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

PER CURIAM.

Lauren Harden seeks review of the September 4, 2002, decision of the Merit Systems Protection Board, No. CH0752020472–I–1, sustaining the Department of Veterans Affairs action to remove him from federal service. Because substantial evidence supports the board's findings that Harden misappropriated and caused the loss of government property, and that the removal was reasonable, we *affirm.*

Harden was employed as a laborer in the facility management unit of the North Chicago Veterans Administration Medical Center. Effective May 10, 2002, the Department of Veterans Affairs removed him from his position based on three separate charges: (1) making intimidating state-ments to co-workers; (2) misappropriating government property; and (3) losing government property. Harden appealed his removal to the board, and it sustained his removal based on the misappropriation and loss of government property charges.

We must affirm the decision of the board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Harden argues that the board failed to consider various facts and circumstances that allegedly absolve him. However, he points to no specific evidence that the board failed to consider, and merely challenges the board's credibility determinations, which we review with deference. *See Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986). The board made findings of fact based on witness testimony and affidavits from a number of Harden's co-workers. Because credibility determinations are virtually unreviewable, and the board's decision was supported by substantial evidence, we will not disturb the decision.